FILED
01 DEC -5 AM 9:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC - 5 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CANAL INSURANCE COMPANY,    )
                            )
    Plaintiff,               )
                            )
vs.                         )    Civil Action No. CV-01-S-1867-NE
                            )
GERTHA CLAY KEY; ANDRA NASH; )
CATER CAB, INC.; and JAMES O. CATER )
d/b/a CATER CAB COMPANY,    )
                            )
    Defendants.              )

## MEMORANDUM OPINION

This action is before the court on plaintiff's motions for default judgment against defendants Cater Cab Company, Andra Nash, and James O. Cater d/b/a Cater Cab Company, Inc. (doc. nos. 9, 12, and 15, respectively).[1] Upon review of the pleadings, the court concludes that such motions are due to be denied, and, the action dismissed for lack of subject matter jurisdiction.

It is a fundamental proposition that federal district courts are courts of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295, 2307, 144 L.Ed.2d 715 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89, 118 S.Ct. 1003,

---

[1] *Nota bene*: As discussed *infra* at note 10 and accompanying text, plaintiff amended its complaint on November 20, 2001, and substituted "Clareice Cross d/b/a Cater Cab Company for *John* [sic] O. Cater d/b/a Cater Cab Company in the heading, caption, and body of [its original] Complaint." Doc. No. 19, ¶ 1 (emphasis supplied).

140 L.Ed.2d 210 (1998)); *see also, e.g., Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."), *cert. denied,* — U.S.—, 121 S.Ct. 2590, 150 L.Ed.2d 749 (2001); *University of South Alabama,* 168 F.3d at 410 ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.").

Plaintiff filed a complaint for declaratory judgment and interpleader,[2] and deposited $25,000 with the Clerk.[3] Jurisdiction of the action was premised upon 28 U.S.C. § 1332(a)(1),[4] requiring that the action be between citizens of different States, and, that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs.

The requirement of complete diversity of citizenship[5] is problematic on the basis of the

---

[2]*See* Federal Rule of Civil Procedure 22(1), providing:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

[3]*See* Federal Rule of Civil Procedure 67 providing, in pertinent part:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.

[4]*See* complaint (doc. no. 1) ¶ 6, at 2, stating:

> 6. Jurisdiction in this matter is premised on diversity of citizenship pursuant to 28 U.S.C. Section 1332(A)[sic](1) and is brought in part pursuant to Rule 22 of the Federal Rules of Civil Procedure. The amount in controversy exceeds Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

[5]The requirement of complete diversity — that is, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff," *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original) — was established in *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806), and it has been

pleadings submitted to this court. Plaintiff alleges that it is a South Carolina corporation with its principal place of business in Greenville, South Carolina,[6] and that defendants Gertha Clay Key and Andra Nash are citizens of Alabama.[7] However, the citizenship of the remaining defendants — *i.e.*, "Cater Cab, Inc.,"[8] "James O. Cater d/b/a Cater Cab Company,"[9] and "Clareice Cross d/b/a Cater Cab Company," who was substituted "for *John* [*sic*] O. Cater d/b/a Cater Cab Company in the heading, caption, and body of [the] Complaint"[10] — is not specified in any pleading.

Moreover, plaintiff has failed to establish the requisite amount in controversy.

This action arises out of an automobile accident that occurred on November 6, 1999, in which defendant Gertha Clay Key apparently sustained injuries. She filed an action in the Circuit Court of Morgan County, Alabama, seeking damages against defendants Andra Nash and Cater Cab Company. A default judgment in the amount of $130,792.63 was entered on May 7, 2001. Plaintiff Canal Insurance Company, which insured James O. Cater and Clareice Cater Cross d/b/a Cater Cab Company,[11] contends that it was not notified of the accident, provided copies of pleadings in the state court action, or advised of the entry of default judgment against defendants Andra Nash and Cater Cab Company. Plaintiff contends that the terms of its insurance policy required the insured to provide notice of an accident and suit and, accordingly, that the insured's failure to do so constituted a breach of the policy and worked a forfeiture of coverage.

---

followed ever since.

[6]*See* complaint (doc. no. 1) ¶ 1.

[7]*Id.* ¶¶ 2 & 3.

[8]*Id.* ¶ 4.

[9]*Id.* ¶ 5.

[10]Doc. no. 19 (amended complaint filed November 20, 2001) ¶ 1 (emphasis supplied).

[11]*See* Exhibit 1 to plaintiff's complaint (doc. no. 1), at unnumbered page 7 ("Endorsement General Change" to Policy No. 343760, bearing effective date of "04/12/1999," and stating that: "It is hereby understood and agreed that [the] insured's name is amended to read as follows: James O Cater & Clarice Cater Cross dba Cater Cab Company 1202 22nd Ave SW Decatur, AL 35601.").

Notwithstanding the foregoing, plaintiff further contends that the limits of its policy were $25,000 for each person injured, $50,000 for each covered accident,[12] and that plaintiff is discharged of its duty to defend or indemnify the insured when such policy limits have been exhausted. Plaintiff asserts that its duty has been discharged,[13] and asks this court to declare that it has no duty to indemnify defendants in the underlying state court action beyond the amount that plaintiff has deposited with the court.

Plaintiff makes only a bald assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs.[14] Plaintiff does not allege that either the judgment-creditor or judgment-debtors made demand on plaintiff for payment of the state court default judgment. In any event, plaintiff has deposited with the court only $25,000: the amount it asserts as the limit due under the terms of its insurance policy for the incident forming the basis of the underlying state court action.

> Interpleader actions under Rule 22(1) ... must be based upon the general jurisdiction statutes applicable to civil actions in the federal courts. These provisions require the existence of a federal question or complete diversity of citizenship between the plaintiff-stakeholder and the defendant-claimants, and, in diversity actions, an amount in controversy in excess of $75,000 exclusive of interest and costs.

7 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* § 1710, at 580-82 (3d ed. 2001) (footnotes omitted).

It is well settled in the Eleventh Circuit that the amount in controversy is evaluated from the viewpoint of the plaintiff. *See Ericsson GE Mobile Communications v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 218-20 (11th Cir. 1997). Moreover, "[i]n determining whether

---

[12] Complaint ¶ 11, at 3.

[13] Plaintiff apparently has undertaken the defense of Nash and Cater Cab Company in the underlying state court action, albeit belatedly, but has reserved its right to contest coverage. *See* complaint ¶ 10, at 3.

[14] See *supra* note 4.

-4-

the amount-in-controversy requirement of the interpleader statute or the diversity statute has been met, the value of the fund or property that constitutes the stake must exceed the jurisdictional minimum." 7 Wright, Miller & Kane, *supra* § 1710, at 596.

Here, the determination of the amount-in-controversy issue involves two inquiries. The first is quickly disposed of by reference to the "value of the fund" that constitutes plaintiff's stake. Plaintiff has deposited with the clerk of court only $25,000: the per person limit specified in policy number 343760 issued to "James O. Cater & Clareice Cater Cross d/b/a Cater Cab Company."[15] Clearly this sum falls well short of the jurisdictional threshold. The inquiry does not end there, however, as plaintiff also has requested the court to declare that it has no duty to defend the insured in any subsequent proceedings that may occur in the underlying state court proceedings. While the value of a legal defense might be substantial, plaintiff has utterly failed to allege the anticipated cost of providing a defense, much less make any showing in that regard.

For all of the foregoing reasons, the court concludes that it lacks subject matter jurisdiction. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 5th day of December, 2001.

_____
United States District Judge

---

[15] See *supra* note 11.